# CASES ADJUDGED

IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

NOVEMBER TERM, 1882.

---

JOSEPH J. SUMMERBELL, appellant,

*v.*

M. ALICE SUMMERBELL, respondent.

On appeal from a decree advised by *Barker Gummere, Esq.*, sitting as advisory master, denying the application of the appellant for a divorce. The decree was affirmed by an equally divided court—DIXON, SCUDDER, VAN SYCKEL, CLEMENT and GREEN, JJ., voting for affirmance, and DEPUE, MAGIE, REED, COLE and KIRK, JJ., voting for reversal. An opinion in affirmance of the decree was prepared by Mr. Justice Van Syckel, but was not delivered or filed, owing to the notice of an application by the appellant for a re-argument, on the ground

Summerbell *v.* Summerbell.

that only ten of the fifteen qualified judges of the court had heard the argument, and that an affirmance of the decree below had been obtained by an equal division of the judges.

*Mr. Elwood Harris* and *Mr. John P. Stockton, Atty.-Gen.,* for petitioner.

In the court of king's bench, when the judges are equally divided in opinion upon a writ of error, it seems there can be no rule for affirming or reversing the judgment without consent; and therefore, in the case of *Thornby* v. *Fleetwood, 1 Stra. 379,* the court being divided in opinion, a rule was made, with the assent and at the instance of the lessor of the plaintiff, to expedite the determination of the cause in the house of lords, whereby it was ordered that the judgment should be affirmed.

But in the exchequer chamber it is the practice, upon a division, to affirm the judgment, as was done in the case of *Derghton* v. *Greenville, 1 Show. 36.* And so is the practice in the house of lords, which depends on their mode of putting the question to reverse the judgment, a majority being required to reverse it. *Tidd's Pr. (4th Am. ed.) 1178.*

In New Jersey the practice is not settled. The case of *Potts* v. *Imlay, 1 South. 332,* was argued a second time, at the request of the court. The case of *Mickel* v. *Matlack, 2 Harr. 86,* was argued a second time, at the earnest request of the plaintiff's counsel.

In the case of *Voorhees* v. *Horn, 1 Zab. 81,* Green, C. J.,

NOTE.—The following additional New Jersey cases show the effect of an equal division of the court:

If the court of appeals is equally divided, the chancellor's decree is affirmed, *Flavell* v. *Flavell, 7 C. E. Gr. 599; Kaighn* v. *Fuller, 2 McCart. 501;* so, if the supreme court is equally divided on a writ of error to the circuit, *Huncke* v. *Francis, 3 Dutch. 55.* If the court is equally divided in opinion on the admission of evidence, it must be refused, *Price* v. *Tallman, Coxe 448; Jessup* v. *Cook, 1 Hal. 440; Jackson* v. *Miller, 1 Dutch. 90.* An order of removal of a pauper is not affirmed by an equal division of the court of quarter sessions on an appeal, *Elizabethtown* v. *Springfield, Pen. \*475;* and *Kirkpatrick, C. J., p. \*479,* seemed to think the rule applied to any writ of error, citing *Hamilton* v. *Branden, 1 Stra. 818.* On a motion in the common pleas to nonsuit a plain-

Summerbell *v.* Summerbell.

said : " In the present case, the court being equally divided in opinion, the debtor had failed to satisfy the court that his conduct had been fair, upright and just." And, consequently, he was not entitled to his discharge. Upon an equal division of the court, a re-argument of the cause would manifestly have been proper. And had an application been made for that purpose, it is fair to presume that the court, in the exercise of a sound discretion, would have continued the case and directed a further hearing. But no such application had been made, nor was any order for this purpose made by the court.

The case of *Gratz* v. *Wilson, 1 Hal. 423*, Kinsey, C. J., and Smith, J., who were alone present at the first argument, differed in opinion, Boudinot, J., having been since appointed, was re-argued before all the judges at the next term.

In the case of *Murphy* v. *Furr, 6 Hal. 221*, Ewing, C. J., said : " We do not deny the power of reconsideration. It is, however, of a most delicate nature, to be exercised in extraordinary cases only, and with the utmost caution and circumspection, especially when not suggested by the court, but sought by the party against whom a decision has been made ; and when so sought, the motion should never be heard without full opportunity to the other side to resist."

In the case of *King* v. *Ruckman, 7 C. E. Gr. 551* (decided in 1871), it was held by this court that after a cause had been heard upon the merits, the judgment properly entered and the papers remitted to the court below, the court had no further jurisdiction

---

tiff in an appeal from a justice's court, " the court  *  *  *  being equally divided, the defendant took nothing by his motion," *Cox* v. *Baird, 6 Hal. 107.* If, on the trial of an appeal from a justice's judgment, the court of common pleas is equally divided on the question of the right of the plaintiff below to recover, and dismisses the appeal, a *mandamus* will issue to re-instate it, *Strader* v. *Freeholders of Sussex, 3 Gr. 433.* If an executor prays allowance for an item in his account, and the court is equally divided thereon, it ought to be stricken out, *Kirby* v. *Coles, 3 Gr. 441.* A refusal to charge a jury, on a request which ought to have been charged, because the court was equally divided, is error, *Linn* v. *Ross, 1 Harr. 57.* A notice annexed to a plea was, on demurrer, sustained by an equal division of the court, *Morris Canal Co.* v. *Van Vorst, 1 Zab. 100.—Rep.*

in respect to the case. It was also held that "this court may order a re-argument while a cause is still pending, and before the papers had been remitted."

The rule as laid down by the chief-justice in *King* v. *Ruckman*, is again affirmed in 1875, in *Cassedy* v. *Bigelow, 12 C. E. Gr. 505*. The court said "that the power to grant re-arguments should be but sparingly exercised, and, *perhaps*, in no case, unless the court itself intimates a desire for the argument to be repeated." This, however, was a case where the record had been remitted to the court of chancery, and the exact point ruled was that on a second appeal in the same cause, the points already decided by the court are not open to debate, unless specially directed by the court.

In the case of *Wagner* v. *Jackson, 4 Vr. 454*, in March term, 1866, this court ordered a re-argument, on the ground that, owing to unavoidable accident, only a bare majority of the court was present when the case was argued, and that it was eminently proper that a case in which the constitutionality of an act of the legislature was called in question should be heard and decided by all the members of the court competent to act. At the November term previous, *a majority of the judges* had expressed an opinion in favor of reversing the judgment of the supreme court.

While the question in the present case is not a constitutional one, yet it is insisted that the facts of the absence of *one-third of the court* and the *equal division* of the members who heard the argument, present a stronger case than existed in the case referred to above. See *Minutes of the Court of Appeals, No. 4, pp. 483, 493.*

The rule in the supreme court of the United States is, undoubtedly, that no re-argument will be granted in any case, unless a member of the court who concurred in the judgment desires it, and when that is the case it will be ordered without waiting for the application of the counsel. But this rule is confined to cases in which judgments have already been rendered. *Brown* v. *Aspden, 14 How. 25 ; Phillips's Prac. 246 ;* see *Mayor* v. *Miln, 8 Pet. 118.*

---

Smith *v.* Gaines.

---

1. In the case we are considering, judgment has not been entered.

2. The court were evenly divided, and the decision could only be reached by the form in which the question was put.

3. An application for a rehearing was made on the spot, and the record was ordered to be retained, " to the end that the counsel for the appellant might have an opportunity to make a motion for a re-argument of the case," viz.: " It is ordered on this 10th day of July, A. D. 1882, that the record in the above-stated cause be retained by the clerk of this court until further ordered, to the end that the counsel for the appellant may have an opportunity to make a motion for a re-argument of the cause."

4. The case below was heard by a master. This court heard it in the absence of five judges. Five were for reversal, five for affirmance and five did not vote. The result is, that the law in reference to the application of the canon, as laid down by the master, will be made the law of this state by three law judges and two lay judges of the court of errors.

*Mr. Woodbury D. Holt* and *Mr. Mercer Beasley, Jr.,* for respondent.

On motion of GREEN, J., a re-argument before the full bench was ordered.

---

SMITH et al., executors, appellants,

*v.*

GAINES et al., respondents.

By the sixth clause of the statute of descents, a great-uncle of an intestate is of equal degree of consanguinity with a cousin of such intestate.

---

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Smith* v. *Gaines, 8 Stew. Eq.* *65.*